ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **JAIRO J. NAZARIO JIMÉNEZ**<br><br>Peticionario<br><br>v.<br><br>**FIRSTBANK PUERTO RICO y otros**<br><br>Recurrido | TA2026CE00511 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: **SJ2025CV06627**<br><br>Sobre: Sentencia Declaratoria, Violación de Derechos Civiles, Acoso Laboral, Discrimen (Ley Núm. 100) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece ante este Foro, el señor Jairo J. Nazario Jiménez (señor Nazario Jiménez o parte peticionaria) y solicita la revisión de múltiples órdenes emitidas por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, entre el 12 de marzo y el 14 de abril de 2026. Los aludidos dictámenes versan sobre trámites del descubrimiento de prueba y la imposición de sanciones económicas, al amparo de la Regla 34 de Procedimiento Civil.

Por los fundamentos que exponemos a continuación, se deniega la expedición del auto de *certiorari*.

### I.

La controversia que hoy atendemos se suscitó durante los procesos de descubrimiento de prueba en el pleito instado el 22 de julio de 2025, por el señor Nazario Jiménez contra FirstBank Puerto Rico (FirstBank) y la señora Betzaida Rivera en su carácter personal.

En específico, surgió una polémica entre el licenciado José F. Gierbolini Bonilla (licenciado Gierbolini Bonilla), abogado del señor Nazario Jiménez, y la representación legal de FirstBank, respecto a la modalidad en que se debe llevar a cabo cierta deposición; entiéndase, presencial o virtual. Las partes no lograron ponerse de acuerdo.

A raíz de lo anterior, el **30 de octubre de 2025**, FirstBank presentó una *Moción al Amparo de la Regla 34 de Procedimiento Civil.* En esencia, alegó que, a pesar de realizar esfuerzos razonables para intentar llegar a un acuerdo con el abogado del señor Nazario Jiménez, a fin de resolver los asuntos relacionados con la deposición, estos resultaron infructuosos. Detalló que envió comunicaciones el 26 de septiembre, 6 de octubre y 21 de octubre de 2025, ofreciendo fechas e, incluso, concediéndole al señor Nazario Jiménez la prerrogativa de proponer otras. Razonó que la negativa de ofrecer fechas presenciales viables para la toma de la deposición antes de marzo 2026 constituía una respuesta evasiva e incompleta que impedía el progreso normal del descubrimiento de prueba en un caso complejo con 40 alegaciones y múltiples causas de acción. Por tanto, requirió al TPI que ordenara al señor Nazario Jiménez a ofrecer fechas disponibles en diciembre de 2025 o, a más tardar, en enero de 2026, para dicho trámite de manera presencial.[1]

Lo anterior provocó que, el **16 de noviembre de 2025**, el licenciado Gierbolini Bonilla presentara una *Moción sobre Intención de Oponerse (Entrada Número 17).* En síntesis, solicitó una extensión de tiempo no menor de 20 días para fijar su posición en cuanto a la moción al amparo de la Regla 34 de Procedimiento Civil. Expresó que el petitorio respondía "a una causa legítima, se

---

[1] A su escrito anejó copias de varios correos electrónicos de comunicaciones entre los abogados de las partes para intentar coordinar fechas disponibles para la deposición concernida.

presenta oportunamente, no tiene como fin dilatar los procedimientos de este caso y versa sobre un escrito que no es de naturaleza jurisdiccional." FirstBank se opuso oportunamente a la solicitud de prórroga.

Evaluados los escritos, el **23 de noviembre de 2025**, el foro de instancia emitió un dictamen, por medio del cual **ordenó al señor Nazario Jiménez a ofrecer tres (3) fechas disponibles para la deposición entre los meses de diciembre de 2025 y enero de 2026**. Además, expuso que, posponer una deposición hasta marzo de 2026 por razones atribuidas al licenciado Gierbolini Bonilla, salvo se mostrara causa, constituía una dilación innecesaria en la sana administración de la justicia. Por último, el TPI expresó: "[c]úmplase con esta orden. Informen las partes haber coordinado fecha en o antes del 1 de diciembre de 2025." (Énfasis nuestro).

El **2 de diciembre de 2025**, FirstBank incoó una *Segunda Moción al Amparo de la Regla 34 de Procedimiento Civil*. Adujo que, transcurrido el término provisto por el TPI, el señor Nazario Jiménez no había ofrecido fecha alguna ni se había comunicado con sus abogados para coordinar la deposición. Suplicó al Tribunal que tomara conocimiento del incumplimiento con la *Orden* emitida el 23 de noviembre de 2025, y que emitiera los remedios y órdenes que estimara pertinentes en derecho, incluyendo aquellas dirigidas a garantizar la pronta coordinación y celebración de la deposición. Al mismo tiempo, conforme a la Regla 34.2(c) de Procedimiento Civil, solicitó la imposición de honorarios y gastos incurridos en atender la inobservancia procesal del señor Nazario Jiménez, y los esfuerzos realizados para coordinar la deposición.

En respuesta, el **24 de diciembre de 2025**, el abogado del señor Nazario Jiménez instó una *Moción en Oposición a Alegaciones de FirstBank y en Solicitud de Remedios*. Argumentó que su conducta siempre había sido diligente y que **estaba disponible para**

**llevar a cabo la deposición de forma virtual en cualquier momento del mes de diciembre de 2025 y enero de 2026**. Arguyó que la dilación sistemática que afectaba el litigio era exclusivamente imputable a FirstBank y a su representación legal. Manifestó que atravesaba una situación delicada de salud que lo obligaba a tomar todas las medidas pertinentes para evitar recaídas o complicaciones. Añadió que la solicitud de procedimientos de descubrimiento por videoconferencia no afectaría derecho alguno de las partes del caso. Igualmente solicitó la imposición de honorarios de abogados a FirstBank como sanción por su conducta procesal impropia. (Énfasis nuestro).

Llegado a este punto, el **12 de marzo de 2026**, notificada al día siguiente[2], tras la celebración de una vista con relación a la controversia sobre la toma de la deposición, el foro de instancia emitió una *Orden.* Mediante la misma, determinó lo siguiente:

> [...]

> La Regla 34.2 de Procedimiento Civil autoriza al tribunal a conceder gastos cuando resuelve a favor o en contra del promovente una moción de descubrimiento de prueba. **La controversia sobre la celebración de la deposición del Sr. Nazario Jiménez fue resuelta por este tribunal desde que emitió su orden el 23 de noviembre de 2025.** Véase entrada de SUMAC [22]. **Esta orden no fue cumplida por la parte demandante y, al presente, han transcurrido cinco meses sin que se haya podido realizar la deposición al Sr. Nazario Jiménez.**

> En atención a las mociones presentadas en el expediente judicial, y del deber de este tribunal de que las controversias se resuelvan justa, rápida y económicamente, este tribunal le **ordena a la parte demandante que provea en el término de 24 horas a la parte demandada tres fechas disponibles para realizar la deposición del Sr. Nazario Jiménez**. También se **ordena que la deposición se realice de manera presencial. Se le ordena a la parte [demandada] que presente moción en el término de 5 días indicando los gastos incurridos en la obtención de la orden del 23 de noviembre de 2025.** También, **al no obedecerse la orden del 23 de noviembre de 2025, y a tenor de la Regla 34.3 de**

---

[2] El 13 de marzo de 2026, notificada el 16 de marzo de 2026, esta orden fue enmendada a los efectos de corregir una palabra del texto.

**Procedimiento Civil, se ordena que se presente una segunda moción en el término de 5 días indicando los gastos incurridos en la obtención de esta orden**. Se apercibe a la parte demandante y a su abogado que, de ocurrir incumplimientos a las órdenes de este tribunal, de manera prospectiva, se impondrán sanciones económicas. (Énfasis nuestro).

En desacuerdo, el 16 de marzo de 2026, el señor Nazario Jiménez, por conducto de su representación legal, incoó una *Moción de Reconsideración y Solicitud de Modificación de Orden*. Adujo que procedía la reconsideración de la determinación del Tribunal por razones médicas. Junto a su escrito, incluyó un documento suscrito por el doctor Moisés O. Ramírez Vega, certificando que el licenciado Gierbolini Bonilla estaba bajo tratamiento médico continuo desde octubre de 2025 y que, debido a sus condiciones de salud, no era recomendable que permaneciera por períodos prolongados en entornos presenciales de trabajo o procedimientos profesionales. El letrado sostuvo que nunca se había negado a celebrar la deposición, sino que solo proponía que se celebrara mediante el mecanismo de videoconferencia. Por ende, coligió que no procedía el pago de los gastos solicitados por FirstBank.

Por otra parte, el 20 de marzo de 2026, Firstbank sometió a la consideración del Tribunal un desglose de gastos -ascendentes a $589.00 y $1,330.00- en los que incurrió en la obtención de la orden del 23 de noviembre de 2025.

El 26 de marzo de 2026, el TPI dictó dos (2) de las órdenes también impugnadas. En la primera, concluyó que:

> Luego de examinada las mociones en las entradas [40] y [41] de SUMAC se ordena el pago de $1,330 y $589 por el tribunal tener que ordenar que se cumpla con el descubrimiento de prueba. Esta determinación se toma al amparo de la Regla 34 de Procedimiento Civil.

> El dinero lo pagará la parte o el abogado en favor de la parte demandada. Tengan hasta el 10 de mayo de 2026.

En la segunda orden, el foro *a quo*, debido al incumplimiento con el término otorgado al licenciado Gierbolini Bonilla, denegó la moción de reconsideración e hizo las siguientes expresiones:

> … Cumpla con las órdenes de este tribunal e informe fechas disponibles para deponer al Sr. Nazario Jiménez. Tenga hasta el 2 de abril de 2026 de manera perentoria. Se le apercibe que el incumplimiento con esta orden conllevará sanciones o incluso la eliminación de la contestación a la demanda (anotarle la rebeldía).
>
> Secretaría: notifique al abogado y a la parte demandante directamente.

Inconforme con la determinación del TPI, el **2 de abril de 2026**, el señor Nazario Jiménez, por conducto de su representación legal, solicitó reconsideración. Además, invitó al Tribunal a que dejara sin efecto la orden que impuso el pago de los gastos notificados por FirstBank. En esa misma fecha, notificó que su representado estaba disponible para comparecer a la deposición los días 15, 22 y 29 de abril de 2026.[3]

Así las cosas, el 14 de abril de 2026, el TPI emitió una *Orden*, a través de la cual declaró *Sin Lugar* la moción de reconsideración del dictamen sobre sanciones económicas. Asimismo, ordenó lo siguiente:

> La parte demandante tiene hasta el 10 de mayo de 2026 (entrada número [51] de SUMAC) para cumplir con la orden del 26 de marzo de 2026 y realizar los pagos. Por otro lado, parte demandante muestre causa por la cual el abogado sustituto que comparecerá a la deposición no ha presentado la moción ordenada que vence el 10 de abril de 2026 (moción asumiendo representación legal, entrada número [57] de SUMAC).
>
> […]
>
> Esta orden es y será ley en este caso y el tribunal estará muy pendiente de su más fiel cumplimiento. La sanción que se imponga será una rigurosa y severa si se incumple con esta orden. Quedan apercibidos los abogados que han comparecido y los que comparezcan en este caso.

---

[3] Del récord surge que el abogado de FirstBank envió un correo electrónico al licenciado Gierbolini Bonilla indicándole que no tenía disponible las mencionadas fechas debido a compromisos profesionales previamente coordinados.

No conforme aún, el señor Nazario Jiménez, por conducto de su abogado, comparece ante este Foro en recurso de *Certiorari.* En este alega que el TPI cometió los siguientes errores:

A. ERRÓ Y ABUSÓ DE DISCRECIÓN EL FORO DE INSTANCIA AL INSISTIR EN LLEVAR A CABO LA DEPOSICIÓN DE LA PARTE RECURRENTE DE MANERA PRESENCIAL, CUANDO LA PARTE DEMANDANTE-RECURRENTE ACREDITÓ QUE DEBE PARTICIPAR DE DICHA DEPOSICIÓN DE MANERA VIRTUAL.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL INSISTIR EN LA DEPOSICIÓN PRESENCIAL DE LA PARTE RECURRENTE, CUANDO LA DEPOSICIÓN VIRTUAL FORMA PARTE DE LAS VIDEOCONFERENCIAS, LAS CUALES CONSTITUYEN UN MECANISMO RAZONABLE, EFICIENTE Y RECONOCIDO POR LAS NORMAS PROCESALES VIGENTES Y CUANDO EL "DEMEANOR" NO ES RELEVANTE PARA DICHO TIPO DE PROCEDIMIENTO.

C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL IMPONER SANCIONES A LA PARTE RECURRENTE POR DILATAR U OBSTACULIZAR EL PROCEDIMIENTO DE DESCUBRIMENTO DE PRUEBA EN ESTE CASO, ADOPTANDO ASÍ LA POSICIÓN DE LA PARTE RECURRIDA, CUANDO EL DEMANDANTE-RECURRENTE HA ESTADO APTO Y DISPUESTO DESDE OCTUBRE DE 2025 PARA QUE SE TOME LA DEPOSICIÓN VIRTUALMENTE Y HA SIDO LA PARTE RECURRIDA LA QUE SE HA OPUESTO INJUSTIFICADAMENTE A ELLO.

Junto a su recurso, el señor Nazario Jiménez instó una moción en auxilio de jurisdicción, con el objetivo de que ordenáramos la paralización de la ejecución y cobro de la sanción económica impuesta por el Tribunal de Primera Instancia.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[4]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

---

[4] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* págs. 59-60.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Como se sabe, las Reglas de Procedimiento Civil de Puerto Rico conceden a todas las partes en un pleito el derecho a realizar un descubrimiento de prueba. Este tiene como finalidad ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia

que va a ser utilizada en el juicio; facilitar la búsqueda de la verdad y perpetuar la prueba relacionada a su causa. Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Al interpretar esta figura jurídica, nuestra jurisprudencia ha expresado que este mecanismo se caracteriza por ser de alcance amplio y liberal, para facilitar la tramitación de los pleitos y evitar inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672-673 (2021); *Berríos Falcón v. Torres Merced*, supra. Ahora bien, al descubrimiento de prueba le son oponibles dos (2) limitaciones: (1) pertinencia y (2) privilegio. *McNeil Healthcare v. Mun. Las Piedras II*, supra; *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898–899 (2017). La pertinencia se debe interpretar de manera amplia.[5] Por su parte, materia privilegiada se refiere a aquella que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia. *McNeil Healthcare v. Mun. Las Piedras II*, supra.

De otra parte, es menester apuntalar que el Tribunal de Primera Instancia tiene amplia discreción sobre el manejo de los casos que se ventilan ante sí. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra, pág. 334.

Los tribunales tienen el deber de asumir un rol activo desde el inicio del pleito, por lo que es recomendable que, en la etapa del descubrimiento de prueba, también intervengan y encaucen el

---

[5] Prueba pertinente es la que produzca o pueda producir, entre otras: [...] (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 674.

mismo, toda vez que con ello se garantiza un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, con la cual los foros apelativos no deben intervenir, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II,* supra, pág. 672; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.,* supra, pág. 745.

En armonía con lo anterior, la Regla 37.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.3, provee para que el tribunal emita una orden sobre la calendarización del caso en la que se recojan las disposiciones y los acuerdos considerados en la conferencia inicial. Al mismo tiempo, la regla dispone que "[l]os términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7 de este apéndice". *Rivera et al. v. Arcos Dorados et al.,* supra, págs. 204-205.

En cuanto a la imposición de sanciones económicas por incumplir con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa, la Regla 37.7 de Procedimiento Civil dispone que "[s]i una parte o su abogado o abogada incumple con los términos y señalamientos de esta regla, o incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica que corresponda". 32 LPRA Ap. V, R. 37.7. En ese sentido, "[e]l juez sólo tiene discreción para considerar si las razones que brinda la parte o el abogado que incumplió son suficientes para justificar la no imposición de la sanción económica". *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 205, citando a Hernández Colón, *op. cit.,* pág. 387.

### III.

Los argumentos traídos a nuestra atención por la parte peticionaria se circunscriben a una divergencia suscitada durante el descubrimiento de prueba y cómo el TPI manejó el asunto dentro de los parámetros de la discreción que ostenta.

En su recurso, la parte peticionaria esencialmente alega que el foro de instancia abusó de su discreción al imponerle una sanción económica excesiva, desproporcionada y punitiva, amparándose en argumentos incompletos, incorrectos y engañosos de la parte recurrida. Añade que dicha imposición carece de base fáctica en el récord y violenta principios del debido proceso de ley y la privacidad médica. Reitera que procede la toma de deposición en modalidad virtual debido a su condición de salud; máxime cuando es una práctica aceptada en los tribunales y no es un intento de dilatar los procedimientos. Es su parecer que la referida modalidad es la solución procesal más razonable y proporcional bajo las circunstancias particulares del caso y el acceso a la justicia.

En armonía con lo anterior, la parte peticionaria subraya que nunca demostró una conducta temeraria, y que, al contrario, ha estado dispuesto para la toma de la deposición de su representado de manera virtual, para la cual ofreció fechas concretas desde octubre de 2025. Precisa que la *Orden* impugnada que compelió a la parte recurrida a desglosar los gastos incurridos para hacer valer el pronunciamiento del 23 de noviembre de 2025 no analizó la evidencia médica sometida y no explicó el nexo causal entre la conducta imputada y cada partida económica, lo cual la convierte en una decisión arbitraria. Ante ello, entiende que no era razonable atribuirle la dilación de los procesos.

Analizado el marco fáctico presentado, así como el rol activo y definitivo desplegado por el juzgador de los hechos, colegimos que no se amerita nuestra intervención en esta etapa de los

procedimientos. Las decisiones objetadas atienden asuntos de manejo de caso que descansan en la sana discreción del Tribunal. Los dictámenes concernidos tienen el objetivo de poner en marcha los trámites del descubrimiento de prueba que se han visto constantemente retrasados y obstaculizados. Ello resulta razonable y es cónsono con la más eficiente administración de la justicia. Además, el récord no demuestra que el TPI actuó con prejuicio o parcialidad o que cometió algún error de derecho.

Más aún, resulta evidente que las órdenes recurridas versan sobre asuntos que no están comprendidos dentro del marco de decisiones interlocutorias revisables bajo la Regla 52.1 de Procedimiento Civil, *supra.* Tampoco reflejan una situación excepcional que justifique nuestra intervención, como sería evitar un fracaso irremediable a la justicia.

**IV.**

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado. Se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Se declara *No Ha Lugar* la moción urgente en auxilio de jurisdicción y solicitud de paralización de efectos de sanciones económicas instada por la parte peticionaria.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones